UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA WOODRUFF,
 Plaintiff,
-vs.-

ACCOUNT ADJUSTMENT BUREAU, INC.,
a Michigan corporation,
 Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, JOSHUA WOODRUFF, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for his Complaint against the Defendants, plead as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

### VENUE

2. The transactions and occurrences which give rise to this action occurred in St. Clair County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Marysville, St. Clair County, Michigan.

5. The Defendant to this lawsuit is Account Adjustment Credit Bureau, Inc., which, upon, information and belief, is a Michigan corporation that maintains registered offices in Wayne County.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed to Stocks Creek, LLC ("Stocks Creek") in the approximate amount $699.00 ("The Debt").

7. On September 26, 2016, the ledger from Stocks Creek shows the entry of court costs of $229.00, which included a statutory attorney fee and filing fee for a non-payment of rent case, even though no such award had been granted by the Court.

8. On October 10, 2016, Stocks Creek obtained a Judgment against Mr. Woodruff's roommate, Danielle Irion, for non-payment of rent, with the amount of rent to retain possession being $702.76, plus costs of $229.00 for a total Judgment amount of $932.00, but no judgment was entered against Mr. Woodruff.

9. As of October 5, 2016, the Stocks Creek ledger has an amount due of $956.76, a different amount than the amount of the Judgment, with no subsequent entries until October 21, 2017.

10. On or about October 20, 2016, Mr. Woodruff and his roommate Danielle Irion moved out of the unit as required by the Judgment and turned in the keys to the unit.

11. On October 21, 2017, the Stocks Creek ledger shows another charge of $89.00 for "Legal" being added to the account, even though there was no legal basis providing for such a charge.

12. In 2017, Stocks placed the Debt with Defendant for collections claiming Mr. Woodruff owed $1,116.64.

13. On June 26, 2017, Mr. Woodruff paid Defendant $407.82. At some point, Mr. Woodruff made an additional $10.00 payment bringing the amount of the debt to approximately $699.00.

14. In August 2017, Mr. Woodruff spoke to Leah, one of Defendant's representative about the Debt. Leah confirmed that Defendant received the payment of $407.82 and the additional payment of $10.00. Mr. Woodruff explained that he could not keep up with the payments and she stated that if he can't keep up it will collect on the judgment and garnish his wages. However, there is no judgment against Mr. Woodruff.

15. Defendant called Mr. Woodruff's place of employment to verify employment, upon information and belief, to verify employment for purposes of attempting to garnish his wages.

16. Mr. Woodruff has suffered emotional and pecuniary damages as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Ms. Woodruff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(2)(a) by misrepresenting the character, amount, or legal status of any debt. Defendant misrepresented the amount of the Debt by charging legal fees without a legal basis or Order of the Court providing for the charge;

    b. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. Defendant violated this provision by threatening to garnish Plaintiff's wages when there is no judgment against Plaintiff;

    c. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect any debt. Defendant violated this provisions by charging legal fees without a legal basis or Order of the Court providing for the charge; and

    d. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provisions by charging legal fees without a legal basis or Order of the Court providing for the charge.

22. Mr. Woodruff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Mr. Woodruff is a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement in a communication to collect a debt. Defendant violated this provision by threatening to garnish Plaintiff's wages when there's no judgment against Plaintiff

    b. MCL §339.915f(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant violated this provision by threatening to garnish Plaintiff's wages when there's no judgment against Plaintiff; and

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Mr. Woodruff has suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

31. Ms. Woodruff is a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue or deceptive statement in a communication to collect a debt. Defendant violated this provision by threatening to garnish Plaintiff's wages when there's no judgment against Plaintiff;

    b. MCL §445.252f(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant violated this provision by threatening to garnish Plaintiff's wages when there's no judgment against Plaintiff; and

    c. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

33. Mr. Woodruff has suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                                              Respectfully submitted.

November 30, 2017        /s/ Gary Nitzkin
                                    GARY D. NITZKIN (P41155)
                                    CARL SCHWARTZ P70335
                                    MARK LINTON P66503
                                    CREDIT REPAIR LAWYERS OF AMERICA
                                    Attorneys for Plaintiff
                                    22142 West Nine Mile Road
                                    Southfield, MI 48033
                                    (248) 353-2882
                                    Fax (248) 353-4840
                                    Email – gary@crlam.com